**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MICHAEL ARNOLD**,

**Petitioner,**

**v.**

**W. A. SHERROD,**[1]

**Respondent.**                                        **No. 06-0610-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

**I.  Introduction and Background**

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (Doc. 1).  Michael Arnold, a prisoner at the Federal Corrections Institution at Greenville, Illinois ("FCI Greenville"), contends that 40 days of his good time credits were revoked without due process of the law when he was sanctioned for possessing drugs in his cell without sufficient evidence to establish his guilt. Respondent filed a response to the petition (Doc. 9 ) and Arnold filed a reply (Doc. 11).  Based on the pleadings, the applicable law and the following, the Court denies and dismisses with prejudice Arnold's petition.

---

[1]At the time Arnold filed his petition, he named Sara M. Revell as the Respondent because she was the Warden at FCI-Greenville.  However, W. A. Sherrod is now the Warden.  Thus, the Court **SUBSTITUTES** Sherrod as the Respondent in this matter.

The following facts are taken from the Respondent's response.[2]  On July 21, 2004, District Judge Henry E. Autrey of the Eastern District of Missouri sentenced Arnold to 92 months imprisonment and a three-year term of supervised release for possession of a stolen firearm in violation of 18 U.S.C. § 922(j). Currently, Arnold is house at FCI Greenville and has a projected release date of May 13, 2010.[3]

From February 18, 2005, to October 31, 2005, Arnold was assigned to cell #126 in Housing Unit H4-B at FCI Greenville.  At the time of the incident, Arnold and two other inmates occupied cell #126.  On October 31, 2005, Senior Officer Specialist James A. Phillips conducted a search of Arnold's cell.  During the search, Phillips discovered an unknown substance wrapped in cellophane hidden in a hole in the sink.  Phillips secured the item and transferred it to the Activities Lieutenant. The substance was tested by Special Investigative Assistant M. Gelios using the Narcotics Identification System, Test Kit A and U.  The substance tested positive for methamphetamine.  Gelios also took pictures of the substance.  An incident report was issued to the petitioner on October 31, 2005 at 9:21 a.m.  The incident report charged Arnold with a Code 113 violation, Possession of Narcotics.[4]

---

[2]In his reply brief, Arnold states that he "agrees and accepts the statement of facts as enumerated in the Government's return..." (Doc. 11, p. 1).

[3]The Court notes that the Bureau of Prison's website states Arnold's projected release date is June 3, 2010. See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=michael&Middle=&LastName=arnold&Race=U&Sex=U&Age=&x=104&y=22

[4]The record reflects that the other two inmates similarly were charged.

A hearing was held before the Unit Disciplinary Committee ("UDC") on November 21, 2005. During the hearing, Arnold indicated he was not guilty. The UDC referred the matter to the Disciplinary Hearing Officer ("DHO"). Arnold was provided with a Notice of Discipline Hearing Before the Discipline Hearing Officer and a notice of Inmate Rights at a Discipline Hearing on November 21, 2005. Arnold signed acknowledging receipt of the forms. At that time, Arnold did not request a staff representative or ask for any witnesses on his behalf.

On December 1, 2005, a hearing was held before the DHO. At this hearing, Arnold waived his right to a staff representative, denied the charge, and did not request any witnesses. Arnold stated he was not guilty, that his urine test was clean and that he had requested a polygraph. The DHO found that Arnold had committed the prohibited acts as charged. In making this determination, the DHO specifically relied on the reporting officer's statement, the supporting memorandum and photos by Gelios. The DHO noted that Arnold was one of three inmates assigned to cell #126 and that all inmates are equally responsible for the items found in their area of responsibility. Further, the DHO noted that all three inmates denied ownership and that the quantity of the drug was significant in determining that it was not likely to have been left by a prior occupant or planted in the cell by another inmate. The DHO sanctioned Arnold with a loss of 40 days good time credit, 30 days in disciplinary segregation and loss of commissary, telephone, and visiting privileges for 365 days, followed by an additional 365 days of immediate family only visiting.

Arnold appealed this decision to the Regional Office of the BOP. The

Regional Office denied his appeal on February 8, 2006. Thereafter, Arnold unsuccessfully appealed to the Central Office of the BOP. Subsequently, Arnold filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).

## II. <u>Analysis</u>

28 U.S.C. § 2241 permits district courts to grant relief to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." Under the Fifth Amendment's due process clause, federal inmates are guaranteed certain minimum procedural safeguards with respect to disciplinary hearings. When the loss of good-time credit is a possible sanction for a disciplinary infraction, an inmate must receive the following procedural safeguards in connection with prison disciplinary proceedings in order to satisfy the requirements of due process: "'(1) advance written notice of the disciplinary charges; (2) an opportunity ... to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'" *McPherson v. McBride*, **188 F.3d 784, 785-86 (7th Cir. 1999)(quoting *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 455, 454 (1985))**.

Moreover, in order to comply with due process, a finding of guilt cannot be arbitrary. The minimum requirements of due process demand that the findings of a prison disciplinary board have the support of "some evidence in the record." *Hill*, **472 U.S. 454**. This is a lenient standard, however, requiring no more than "a

modicum of evidence." ***Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)**. "Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." ***Id.*; *Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir. 1989)("Although 'some evidence' is not much ... it still must point to the accused's guilt.")**. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. ***Hill*, 472 U.S. at 455-56**.

Here, Arnold contends that the while he was given his due process rights according to procedural regulations that constructive possession was not proven by a preponderance of the evidence and that no evidence was presented to the DHO that shows that he "knowingly had the power and the intention to exercise dominion and control over an object either directly or through otherwise." (Doc. 11, p. 2). Respondent contends that Arnold had the responsibility to keep his cell area free of contraband and that a finding that one inmate possessed an item of contraband does not mutually exclude a finding that a second inmate also possessed the item of contraband. The Court agrees with Respondent.

Here, Arnold shared his cell with two other inmates. The DHO's finding that he was one of the three inmates assigned to the cell in which the drugs were found constitutes some evidence that he possessed the drugs. ***See Hamilton v. O'Leary*, 976 F.2d 341, 345-46 (7th Cir. 1992)(finding "some evidence" of a prisoner's possession of a weapon found in a cell shared with three other**

inmates); ***Giles v. Hanks***, No. 02-3165, 72 Fed. Appx. 432, 433-34 (7th Cir. June 25, 2003)(finding that even if one occupant of a cell concedes ownership of contraband the other occupant may also be held accountable because two individuals may exercise joint possession (citing ***United States v. Alanis***, 265 F.3d 576, 592 (7th Cir. 2001)).  The DHO finding is also supported by the drug quantity.  Courts must defer to the findings of correctional officers whenever some evidence of guilt exists. ***See Mendoza v. Miller***, 779 F.2d 1287, 1292 (7th Cir. 1985)("Prison administrators therefore should be accorded wide-range deference in adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

Because the record shows that Arnold's sanction was supported by adequate evidence, he has failed to demonstrate the he is in custody in violation of the Constitution or laws of the United States as required under § 2241.  Simply put, Arnold has failed to show that the process he received before losing good time credits was constitutionally inadequate.

### III. Conclusion

Accordingly, the Court **DENIES** Arnold's petition under 28 U.S.C. § 2241 (Doc. 1). The Court **DISMISSES with prejudice** Arnold's cause of action. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 2nd day of June, 2009.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**